Garcia Martinez v. Bondi

BIA
Navarro, IJ
A209 120 141

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

CECILIA YAMILETH GARCIA
MARTINEZ,
> *Petitioner,*

v.                                                    **23-6380**
                                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Ioan Florin Cristea, Centro Legal de
                                       Inmigracion, Bay Shore, NY.

**FOR RESPONDENT:**                    Brian M. Boynton, Principal Deputy Assistant
                                       Attorney General; Holly M. Smith, Assistant
                                       Director; Aric A. Anderson, Trial Attorney,
                                       Office of Immigration Litigation, United
                                       States Department of Justice, Washington,
                                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cecilia Yamileth Garcia Martinez, a native and citizen of El Salvador, seeks review of a March 22, 2023 decision of the BIA affirming a July 22, 2019 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cecilia Yamileth Garcia Martinez*, No. A 209 120 141 (B.I.A. Mar. 22, 2023), *aff'g* No. A 209 120 141 (Immig. Ct. N.Y. City July 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, addressing only the grounds on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, and we review questions of law de novo. *See*

2

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### I. Asylum and Withholding of Removal

An applicant for asylum and withholding of removal must demonstrate past persecution or a fear of future persecution and "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also* 8 C.F.R. §§ 1208.13(a), (b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (holding that the "one central reason" requirement applies to both asylum and withholding of removal). The applicant must establish both that a proposed particular social group is cognizable, meaning it is the kind of group that the law recognizes as subject to persecution for purposes of asylum and withholding of removal, and that membership in the group was one central reason for the harm. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). The agency did not err in concluding that Garcia Martinez's first proposed social group of youth or female youth who refuse to join gangs was not cognizable because it was not socially distinct, and substantial evidence supports the agency's

3

determination that Garcia Martinez did not establish that the gang had or would harm her because of her family membership or relationship to her brother.

### A. Young Women Who Refuse to Join Gangs

Garcia Martinez proposed a particular social group of young women who refuse to join gangs. "To constitute a particular social group, a group must be: (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 101 (2d Cir. 2020) (citation and quotation marks omitted). A group "is socially distinct if the people of a given society would perceive a proposed group as sufficiently separate or distinct." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (citation and quotation marks omitted). We "review *de novo* the legal determination of whether a group constitutes a 'particular social group.'" *Paloka*, 762 F.3d at 195.

The agency did not err in concluding that this proposed group was not cognizable because Garcia Martinez failed to establish that it was socially distinct. She testified that she refused a gang's attempt to recruit her, but she did not establish shared traits that would identify members of her group to Salvadoran society or produce evidence suggesting that Salvadoran society regards as a distinct social group youth or female youth who resist gang membership. *See id.*

4

at 196 ("Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." (citation and quotation marks omitted)). As in *Hernandez-Chacon*, where we concluded that "Salvadoran women who have rejected the sexual advances of a gang member" was not a cognizable group, the evidence here also reflects widespread violence against women, but does not address whether women who refuse to join a gang "are perceived as a distinct group in society or are at greater risk than anyone else who refuses to comply with a gang member's demands." 948 F.3d at 99, 102.

### B.  Nexus as to Family-based Social Group

Garcia Martinez also argues that she was or would be targeted by gangs because she was a member of her brother's family. "[W]here there is more than one motive for mistreatment . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "[T]he fact that a persecutor has threatened an applicant and members of his [or her] family does not necessarily mean that the threats were motivated by family ties." *Id.* (citation and quotation marks and brackets omitted). Rather, an "applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the

5

applicant's" protected characteristic. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the view and motives of the persecutor." (citation and quotation marks omitted)). Here, substantial evidence supports the agency's conclusion that Garcia Martinez failed to show that her membership in her family and relationship to her brother were central reasons that gang members targeted her. *See Garcia-Aranda*, 53 F.4th at 758; *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Garcia Martinez testified that gang members threatened both her and her brother in an attempt to recruit them, and that her two cousins were killed but that she did not know why. Where a gang has targeted members of a family for ordinary criminal reasons, such as an ability to pay extortion, the fact that multiple members of the family have been targeted is not by itself evidence that the gang is motivated by animus towards the family. *Garcia-Aranda*, 53 F.4th at 758. These facts reflect that the gang was principally motivated by the desire to expand its ranks, not by animosity towards this specific family. *Id.* at 757–58; *cf. Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a

6

'particular social group.'"). Nothing in the record suggests that gangs targeted Garcia Martinez because of animosity towards the family, particularly as the first threat and demand to join the gang was directed at a bus full of students, not at her individually.

Because substantial evidence supports the agency's conclusion that Garcia Martinez failed to establish a nexus to her family membership, she failed to meet her burden for both asylum and withholding of removal. *See Garcia-Aranda*, 53 F.4th at 758; *Quituizaca*, 52 F.4th at 114.

## II.    CAT Relief

There is no nexus requirement for a CAT claim. Instead, a CAT applicant has the burden to show she will "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Quintanilla-Mejia*, 3 F.4th at 592. More likely than not means "there is greater than a fifty percent chance . . . that [the applicant] will be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." *Quintanilla-Mejia*, 3 F.4th at 592 (quoting 8 C.F.R. § 1208.18(a)(7)).

7

Although a significant portion of Garcia Martinez's brief discusses country conditions evidence and gang violence, she seems to reference it as support for the cognizability of her first proposed social group or to assert a fear of persecution. She claims that the agency erred in denying CAT relief, but she only briefly cites the standard, states that she is eligible for relief because the IJ found her credible, and does not argue that she will more likely than not be tortured. The government is thus correct that she has waived review of the CAT claim by failing to adequately argue it. *See Yueqing Zhang*, 426 F.3d at 545 n.7 (deeming argument abandoned where brief devoted "only a single conclusory sentence" to it). In any event, her CAT claim would fail on the merits.

When determining the likelihood of future torture, the agency considers "[e]vidence of past torture, the ability to internally relocate, evidence of "gross, flagrant or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). As the agency found, Garcia Martinez was threatened generally alongside other individuals on the bus stopped by gang members, but was not physically harmed. On these facts, the agency's determination that she has not shown past torture is supported by substantial evidence. *See KC v. Garland*, 108 F.4th 130, 133, 136–37 (2d Cir. 2024) (concluding that death threats

8

that are not sufficiently "imminent or concrete or menacing" do not constitute past persecution (citation and quotation marks omitted)); *Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution.").

While the record reflects a high level of violence, this alone does not establish, as a CAT claimant must, "that someone in [her] particular alleged circumstances is more likely than not to be tortured." *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis and quotation marks omitted). As the agency reasoned, the evidence also reflects government efforts to combat gang violence. Ultimately the evidence does not compel a conclusion different from the agency's, particularly given Garcia Martinez's testimony that gang members fled when they heard the police coming. *See Quintanilla-Mejia*, 3 F.4th at 592 (noting that petitioners "cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9